11-282
Karki v. Holder

BIA
Hom, IJ
A089 255 806/807

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand thirteen.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

BHARAT KARKI, GITA KARKI,
> *Petitioners,*

v.                                                          11-282
                                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Dilli Raj Bhatta, The Bhatta Law Firm, P.C., New York, NY.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Bharat Karki and Gita Karki, natives and citizens of Nepal, seek review of a December 28, 2010, decision of the BIA affirming the January 7, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom denying Bharat's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bharat Karki, Gita Karki*, Nos. A089 255 806/807 (B.I.A. Dec. 28, 2010), aff'g Nos. A089 255 806/807 (Immig. Ct. N.Y. City Jan. 7, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case. Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are wellestablished. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Substantial evidence supports the agency's determination that Petitioners did not testify credibly regarding Bharat's

2

claim that he had been persecuted in Nepal. The agency reasonably relied on inconsistencies in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. For example, as the agency noted, Bharat and Gita provided inconsistent testimony regarding when they moved their children from their village to Kathmandu. The agency also observed that Petitioners provided inconsistent testimony regarding the extent of injuries sustained by Bharat in the October 2005 assault. The agency reasonably rejected Gita's explanation that her husband's description of his injury employed Nepalese slang, and that he did not mean that his nose was literally broken, particularly in light of the fact that, when confronted with this inconsistency, Gita began to explain it as if she had testified that Bharat's nose was broken, when in fact it was Bharat who had testified as such. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that an agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so). Further, as the agency noted, the Petitioners testified inconsistently regarding why Bharat's passport photograph, allegedly taken eight days after the October 2005 assault, bore no evidence of the injuries to his face.

Petitioners generally argue that the agency erred in relying on inconsistencies that were not material to their claims for relief, and in failing to explain why those inconsistencies were material. However, because Bharat's asylum application is governed by the REAL ID Act, the agency permissibly based its adverse credibility finding on the inconsistencies identified in the record, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 164 ("We conclude that, in evaluating an asylum applicant's credibility, an IJ may rely on omissions and inconsistencies that do not directly relate to the applicant's claim of persecution as long as the totality of the circumstances establish that the applicant is not credible.").

Petitioners argue that the agency erred by failing to consider the totality of the circumstances, specifically by failing to address that the Petitioners testified consistently with respect to other instances of Maoist harassment and violence they experienced before leaving Nepal. Petitioners' argument is merely a reiteration of their assertion that the IJ relied on minor and isolated inconsistencies in the record. Because the agency identified

4

specific instances of inconsistencies in the Petitioners' testimonies, nothing in the record compels the conclusion that they were otherwise credible. *See Xiu Xia Lin*, 534 F.3d at 163-64 (explaining that we will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling"). Finally, the record contradicts Petitioners' argument that the agency erred in relying on inconsistencies without giving them an opportunity to explain the inconsistencies, as the hearing transcript reflects that the IJ gave Gita an opportunity to explain each of the inconsistencies between her and Bharat's testimony on which he relied in making the adverse credibility decision.

Given the inconsistencies in the record and in light of our deference to the agency's findings regarding the weight of the evidence, the agency's adverse credibility determination regarding Bharat's claim that he suffered past persecution and had a well-founded fear of future persecution on account of his political opinion is supported by substantial evidence. Accordingly, the agency did not err in denying asylum, withholding of removal, and CAT relief insofar as those claims

were based on Bharat's alleged persecution by Maoists in Nepal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk